IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT,** *Petitioner*, | : : : | CIVIL ACTION |
| v. | : : | |
| **LAUREL HARRY, et al.,** *Respondents*. | : : | NO. 22-cv-2011 |

MEMORANDUM

**KENNEY, J.**                                                                                  December 2, 2022

I.  INTRODUCTION

Charles Talbert petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Honorable Magistrate Judge Lynne A. Sitarski recommends that the Court deny the petition because Talbert failed to exhaust his state court remedies. Petitioner filed no objections to the Report and Recommendation. The Court adopts Judge Sitarski's Report and Recommendation. The Court also denies a certificate of appealability.

II.  BACKGROUND

In October 2019, following a jury trial in the Court of Common Pleas of Philadelphia County, Talbert was convicted for Possession of an Instrument of Crime and Recklessly Endangering Another Person. ECF No. 1 at 2. Talbert was sentenced to a total of 41 to 84 months imprisonment. ECF No. 1 at 2.

Following his conviction, Talbert, represented by counsel, appealed his conviction to the Superior Court of Pennsylvania on the grounds that the circumstances made his sentence excessive and unreasonable, the evidence did not prove intent necessary to support a conviction, and that the trial court judge violated Talbert's right to due process by failing to recuse herself at

1

sentencing. ECF No. 1 at 3. The notice of appeal was filed on May 20, 2020, according to the Pennsylvania Superior Court docket sheets for Petitioner's direct appeal. *See* No. 1225 EDA 2020 at 2, (last visited Dec. 1, 2022) (hereinafter "Direct Super. Ct. Docket").[1] On June 4, 2020, the Superior Court quashed the first appeal as interlocutory. ECF No. 10 at 2. On December 22, 2020, the Superior Court issued the briefing schedule for Talbert's appeal. Direct Super. Ct. Docket at 3. Through counsel, Talbert filed an application for extension of time to file a brief on January 29, 2021, which was granted. *Id*. On March 1, 2021, counsel for Talbert filed an application for remand to determine whether Talbert had waived his right to counsel. *Id*. Talbert then provided but did not file two *pro se* documents in March 2021. *Id*. On April 1, 2021, counsel for Talbert timely filed an application to vacate or, alternatively, to stay briefing schedule or extend time to file a brief. *Id*. On April 5, 2021 the Superior Court directed the trial court to determine whether Talbert's waiver of counsel was knowing, intelligent and voluntary, and vacated the briefing schedule pending receipt of the trial court's determination. *Id*. On May 5, 2021, Judge Brinkley, the trial court judge, sent a letter to the Superior Court withdrawing counsel for Talbert. *Id*. at 4. The Superior Court issued a new briefing schedule on May 20, 2021, which was vacated on June 14, 2021. *Id*. at 4-5. Court-appointed counsel entered an appearance on September 27, 2021, and the Superior Court issued another briefing schedule. *Id*. at 5. Finally, on February 3, 2022, the appeal was dismissed for failure to file brief for appellant. *Id*. at 6.

Talbert subsequently appealed to the Supreme Court of Pennsylvania on the grounds that his counsel failed to file a brief in his prior appeal and that counsel failed to timely notify Talbert of his denied appeal. ECF No. 1 at 3. Around the same time in April 2022, Talbert petitioned the

---

[1] Available at https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=1225%20EDA%202020&dnh=cViM7XLJy2BO6naWatmuvg%3D%3D

Commonwealth Court of Pennsylvania for review on the grounds of legal malpractice, conspiracy, constitutional violations, and misusing taxpayer dollars. ECF No. 1 at 4. The Superior Court issued two rules to show cause why Talbert's Post Conviction Relief Act appeal should not be quashed due to its having been filed while his direct appeal was pending. ECF No. 10 at 2. Counsel for Talbert the filed a praecipe to discontinue that appeal on August 10, 2022. *Id*. Currently pending before the Supreme Court of Pennsylvania is Talbert's petition for allowance of appeal *nunc pro tunc*. ECF No. 1 at 13.

In this *pro se* request for habeas relief, Talbert petitions the Court on the following grounds: (1) circumstances made his sentence excessive and unreasonable;[2] (2) evidence presented at trial did not prove Talbert's "intent" necessary to support a conviction;[3] and (3) Judge Brinkley violated due process by failing to recuse herself for sentencing.[4] Talbert adds in his petition for habeas relief that he believes he has exhausted his state remedies on all these grounds because he cannot file a notice of appeal, alleging that his counsel failed to timely notify him that his appeal to the Superior Court was denied. ECF No. 1 at 6, 8, 9.

---

[2] Talbert describes the circumstances of his arrest and conviction, which he believes prove his sentence is excessive and unreasonable. According to Talbert, he was on PCP and suffering from mental health issues at the time of his arrest. Following his conviction, Talbert claims that the state and the state's psychiatrist recommended 11 ½ to 23-month sentence followed by mental health and drug treatment. ECF No. 1 at 6. According to the Philadelphia Common Pleas criminal docket for Talbert's underlying criminal case, the state court did recommend mental health and drug treatment, as well as anger management and job counseling. Available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP51-CR-0008348-2018&dnh=wSNOV3Jy56fNRF0A4P9LYg%3D%3D (last visited Nov. 30, 2022) [hereinafter "PCCP Docket"].

[3] Talbert claims that he did not know the alleged victim(s) and had no reason to threaten or stab them with a knife. Talbert asserts that he removed his working knife from his pocket when it stuck into his leg and a women panicked seeing the knife. ECF No. 1 at 7.

[4] While Talbert does not state any justification for the judge's recusal, he does describe animosity between then-Defendant Talbert and Judge Brinkley. Talbert felt he was not given opportunities to speak or protect his own interests and he reacted by yelling profanity and derogatory insults at the judge. Due to Talbert's outbursts, he claims he was removed from the room numerous times. Talbert argues that Judge Brinkley should have recused herself from sentencing because of these interactions. ECF No. 1 at 9.

### III.  STANDARD OF REVIEW

The federal courts' power to grant habeas relief is limited. A federal court cannot grant a petition for a writ of habeas corpus unless the petitioner has exhausted the remedies available in state court. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). To exhaust their remedies, a petitioner must have fairly presented the same claim to the state court and pursued that claim through one complete round of the state's established appellate review process. *See Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citation omitted). If a petitioner failed to exhaust their state remedies and would now be procedurally barred from presenting their claims in state court, those claims are procedurally defaulted for purposes of federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

A petitioner may overcome procedural default by demonstrating either (1) good cause for the default and actual prejudice as a result of the violation of federal law or (2) failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

### IV.  DISCUSSION

Talbert did not file objections to the Report and Recommendation. The Court adopts the Report and Recommendation in its entirety and dismisses the Petition.

According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court cannot grant a petition for habeas relief arising from Talbert's incarceration under a state court judgment because he has not first exhausted his available state court remedies. *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)(1)(A)); *see also Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies

4

available in the state courts."); *Day v. Mahally*, 230 F. Supp. 3d 420, 424 (E.D. Pa. 2017) ("In order to raise a federal habeas claim, a petitioner must first exhaust all available state-law remedies."). The Court should "strictly adhere[]" to the exhaustion rule "because it expresses respect for our dual judicial system." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992) (quoting *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990)); *see also Burkett v. Love*, 89 F.3d 135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality.").

"[S]o long as there are ongoing state court proceedings attacking the particular conviction which is also being attacked in the federal habeas proceedings, the exhaustion requirement has not been satisfied." *See Sledge v. Att'y Gen. of Pa.*, 2013 WL 4786234, at *5 n.6 (W.D. Pa. Sept. 6, 2013) (citing *K.A.E. v. Wanta*, 2010 WL 5126391 (E.D. Wis. Nov. 26, 2010) ("When state court proceedings are pending, the exhaustion requirement is generally considered unsatisfied."); *Tran v. Barrow*, 210 F. App'x 538, 539-40 (7th Cir. 2006) (affirming dismissal for failure to exhaust where petitioner was in detention pending trial and state court had not ruled on a motion to dismiss)).

Accordingly, this Court must dismiss without prejudice Talbert's habeas petition containing unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); *see also Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004).[5] Currently pending before the Supreme Court of Pennsylvania is Talbert's petition for allowance of appeal *nunc pro tunc*. ECF No. 1 at 13. This petition is on the same underlying conviction as Talbert's *pro se* habeas petition. Since state court review and remedy is still available to Talbert, the Court cannot find that he has exhausted his claims in state court. *See Banks v. Horn*, 126 F.3d 206, 213 (3d Cir. 1997)

---

[5] The Court could elect to stay Talbert's petition and hold it in abeyance while he exhausts his claims in state court, however, the Supreme Court cautions against this procedure and instructs district courts to use this option only in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

(explaining that in the event the federal court determines there exists a possibility of state court review, the petition should be dismissed without prejudice); *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001) ("[I]n cases where there is any doubt about the availability of a state remedy, the claim must be dismissed.") (citing *Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. 2000)). Despite carrying the burden of proving exhaustion of his claims, Talbert filed no objections to Judge Sitarksi's finding of unexhausted claims. *See Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005) ("[T]he habeas petitioner carries the burden of proving exhaustion of all available state remedies.") (citation omitted). Therefore, the Court finds that Talbert is not entitled to federal habeas relief.

## V. CONCLUSION

The Court declines to issue a certificate of appealability. The Court denies the habeas petition on procedural grounds without analyzing the underlying constitutional claim. To issue a certificate of appealability for a decision on procedural grounds, the petitioner should show, at least, that a reasonable juror would find it debatable whether the district court was correct in its procedural ruling and that petitioner states a meritorious claim of the denial of a constitutional right. *See* 28 U.S.C.A. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000). Talbert, who did not address the procedural issue in his petition for habeas relief and did not file objections to the Report and Recommendation has failed to make a showing warranting a certificate of appealability. Even so, the Court finds that no reasonable juror would find this decision debatable as Talbert currently has a similar petition pending in state court.

Because we find that Talbert has failed to exhaust his state court remedies, we **DENY** his petition in its entirety, and we **ADOPT** Judge Sitarski's reasoned Report and Recommendation. An appropriate order follows.

**BY THE COURT:**

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**