IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| **LAUREL HARRY, et al.,** | : | **NO. 22-cv-2011** |
| *Respondents*, | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                       **JULY 31, 2024**

The Court will now consider petitioner Charles Talbert's motion for relief from our prior order to dismiss without prejudice his petition for a writ of habeas corpus (ECF No. 15). The Court adopted the recommendation of the Honorable U.S. Magistrate Judge Lynne A. Sitarski to dismiss Talbert's habeas petition because, at the time of filing, Talbert had failed to fully exhaust his state court remedies. Talbert subsequently filed his motion for relief under Federal Rule of Civil Procedure 60(b)(5). For the reasons set forth below, Talbert's motion will be denied.

**I.  BACKGROUND**

In October of 2019, Talbert was convicted in the Philadelphia County Court of Common Pleas for Possession of an Instrument of Crime and Recklessly Endangering Another Person. ECF No. 11 at 1. In December of that year, Talbert was sentenced to a total of 41 to 84 months' imprisonment. *Id.*

Shortly after sentencing, Talbert filed a post-sentence motion in the trial court and an interlocutory appeal in the Pennsylvania Superior Court. ECF No. 10 at 2. The post-sentence motion was denied by operation of law on May 6, 2020, and Talbert filed a second appeal to the

Superior Court on May 20, 2020. *Id.* The Superior Court denied the first appeal as interlocutory and denied the second appeal for Talbert's failure to file a brief. *Id.*; *see also* ECF No. 11 at 2.

Talbert subsequently filed a petition to the state Supreme Court for an allowance of appeal *nunc pro tunc*, which was still pending when Talbert petitioned this Court for a writ of habeas corpus on May 19, 2022. ECF No. 11 at 3; *see generally* ECF No. 1.

In Talbert's *pro se* request for habeas relief, he advanced three arguments: (1) the circumstances surrounding his arrest made his sentence excessive and unreasonable; (2) there was insufficient evidence presented at trial to prove he possessed the requisite intent; and (3) the trial judge violated due process by failing to recuse herself at sentencing. ECF No. 1 at 6-9. Talbert affirmed in his petition that all state appellate remedies had been exhausted, despite his *nunc pro tunc* petition still pending at the time in the Pennsylvania Supreme Court.

Because Talbert's habeas petition contained claims that had not yet been exhausted in state court, we denied it without prejudice on December 12, 2022. *See* ECF No. 11 at 4-7.

On April 2, 2024, the Pennsylvania Supreme Court denied Talbert's petition for allowance of appeal *nunc pro tunc*. *See Commonwealth v. Talbert*, 315 A.3d 1228 (Table) (Pa. 2024). Thereafter, on June 7, 2024, Talbert filed the instant motion for relief from our order dismissing his habeas petition.[1] *See* ECF No. 15. Talbert argues that, under Fed. R. Civ. P. 60(b)(5), he is entitled to reopen his habeas petition because the grounds for our dismissal have been satisfied by the Pennsylvania Supreme Court's April 2, 2024, ruling. *Id.*

---

[1] While Talbert also requests permission to "amend his [habeas petition] to include more grounds for relief," the only legal rule cited is FRCP 60(b)(5) in support of his request for relief from judgment. *See* ECF No. 15.

2

On July 2, 2024, counsel for Respondents filed a memorandum in response to Talbert's motion. *See* ECF No. 18. They argue that Rule 60(b) only provides relief from final judgments, and a dismissal without prejudice where the deficiencies can be cured by refiling is not a final judgment. *Id.* at 3. Thus, Rule 60(b) is not the proper avenue for Talbert to challenge the dismissal, and he should instead file a new habeas petition now that his remedies in state court have been exhausted. *Id.* at 3-4.

## II.     STANDARD OF REVIEW

The federal courts' power to grant habeas relief is limited. A federal court cannot grant a petition for a writ of habeas corpus unless the petitioner has exhausted the remedies available in state court. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). To exhaust his remedies, a petitioner must have fairly presented the same claim to the state court and pursued that claim through one complete round of the state's established appellate review process. *See Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citation omitted). If a petitioner failed to exhaust his state remedies and would now be procedurally barred from presenting his claims in state court, those claims are procedurally defaulted for purposes of federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

A petitioner may overcome a procedural default by demonstrating either (1) good cause for the default and actual prejudice as a result of the violation of federal law or (2) that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Rule 60(b) provides the grounds for relief from a final judgment, order, or proceeding. The rule applies only to a "limited" set of circumstances and is wholly intended to provide an exception

to the general rule favoring finality of decisions. *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005). Subsection (5) of the rule provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 60(b)(5). Subsection (5) "may not be used to challenge the legal conclusions on which a prior judgment or order rests," but is rather reserved for situations where a "significant change either in factual conditions or in law" renders continued enforcement "detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). The party seeking relief under Rule 60(b) bears the burden of demonstrating that such a situation exists. *Id.*

### III. DISCUSSION

The fatal flaw in Talbert's motion is that he is using it to attack a judgment that is not final. Despite our dismissal being conclusive as to Talbert's particular habeas petition, "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint." *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) (internal citation omitted). Where the plaintiff cannot cure the deficiency upon refiling, a dismissal without prejudice may be treated as a final and appealable order. *Id.* However, Talbert's habeas petition was denied without prejudice because he had failed to exhaust his state court remedies, which is clearly a curable deficiency; indeed, Judge Sitarski's Report and Recommendation clearly contemplates Talbert filing a new habeas petition once his state court remedies are exhausted. ECF No. 10 at 6. Therefore, this Court's denial of Talbert's prior habeas petition does not qualify as a final judgment and is in turn not amenable to a 60(b) motion. *See Banister v. Davis*, 590 U.S. 504,

4

518-19 (2020). Now that Talbert has exhausted his state court remedies, he may file a new habeas petition.[2]

### IV. CONCLUSION

For the foregoing reasons, petitioner's motion is **DENIED**. Petitioner may proceed by filing a new habeas petition. An appropriate Order will follow.

                                          **BY THE COURT:**

                                          /s/ Chad F. Kenney

                                          **CHAD F. KENNEY, JUDGE**

---

[2] The Court notes that Petitioner has filed a new habeas petition under a separate case, captioned 24-cv-3309 (ECF No. 1). The Court will consider this petition in due course.